IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FENG LIN, PETITIONER
A 241-275-607

VS. CIVIL ACTION NO. 5:26-CV-337-DCB-RPM

WARDEN OF ADAMS COUNTY
CORRECTIONAL, ET AL. RESPONDENTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation [ECF No. 9] of the United States Magistrate Judge entered herein on August 31, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report and Recommendation, Judge Myers recommended denial and dismissal without prejudice of Feng Lin's Petition [ECF No. 1] and denial of his Motion for Temporary Restraining Order [ECF No. 2]. Petitioner, proceeding pro se, has failed to file objections to the Report and Recommendation by his deadline of September 14, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law"

standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed Feng Lin's Petition, his Motion for Temporary Restraining Order, the related filings, and the record in this matter. In his Report, Judge Myers concluded that, as Feng Lin's removal order became final on August 13, 2026, his pre-removal statutory claims were moot. In addition, Judge Myers determined that any post-removal-period detention claim was premature under 8 U.S.C. § 1231(a) and Zadvydas v. Davis, 633 U.S. 678 (2001). Having considered the Report of Judge Myers, the Court adopts his findings and conclusions in full as the opinion of this Court.

Moreover, since the entry of the Report, Respondent has informed the Court that Petitioner is no longer in custody because he has been removed from the United States. See Notice [ECF No. 10]. Thus, Respondent asserts that this matter no longer presents a live case or controversy.

The Court agrees and finds that Feng Lin's removal has mooted these proceedings. See, e.g., Francis v. Lynch, 622 F. App'x 455, 455-456 (5th Cir. 2015) (holding that the petitioner's challenge to the duration of his detention pending removal became moot when he was removed from the United States); see also John v. U.S. Immigration and Customs Enforcement, No. 3:25-CV-1844-B-BW, 2026 WL 569043 (N.D. Tex. Feb. 6, 2026) (dismissing ICE detainee's §

2241 petition without prejudice as moot upon evidence of his removal from the United States).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Furthermore, Feng Lin's Petition for Habeas Corpus under 28 U.S.C. § 2241 is hereby dismissed without prejudice as moot because he has been removed from the United States. Likewise, the Court denies his Motion for Temporary Restraining Order [ECF No. 2] as moot. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 23rd day of September, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE